**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4641**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS TORRES-AGUIRRE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:09-cr-00269-BR-1)

Submitted:  April 24, 2012            Decided:  June 5, 2012

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant.  William Ellis Boyle, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Torres-Aguirre appeals his conviction and the 144-month sentence imposed upon him after his guilty plea to conspiracy to distribute more than 5 kilograms of cocaine, more than 50 grams of cocaine base, and a quantity of heroin. Torres-Aguirre's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he has divined no meritorious grounds for appeal but questions whether Torres-Aguirre's trial counsel was unconstitutionally ineffective with respect to several aspects of his sentencing. Having reviewed the record, we affirm Torres-Aguirre's conviction but vacate his sentence and remand the case to the district court for resentencing.

We review Torres-Aguirre's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A sentence imposed by a district court is procedurally unreasonable if the district court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id.

2

Our precedent insists upon an adequate explanation of the sentence imposed: "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). This requirement is not overly onerous. Where the district court imposed a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). Moreover, the district court "need not robotically tick through § 3553(a)'s every subsection;" it must only provide "some indication" that it considered the § 3553(a) factors with respect to the defendant before it and also considered any nonfrivolous arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).

Nevertheless, "[t]he district court must 'state in open court' the particular reasons supporting its chosen sentence." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012) (quoting 18 U.S.C. § 3553(c) (2006)). And, while the district court's explanation "need not be elaborate or lengthy," Johnson, 587 F.3d at 639, it must be sufficient to allow for "'meaningful appellate review,'" Carter, 564 F.3d at 330

3

(quoting Gall v. United States, 552 U.S. 38, 50 (2007)), such that the appellate court need "not guess at the district court's rationale." Id. at 329.

In this case, Torres-Aguirre preserved his challenge to the adequacy of the district court's explanation "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Thus, our review is for abuse of discretion, and any error must result in reversal unless it was harmless. Id. at 579.

As the record reveals, when the district court sentenced Torres-Aguirre, it did not explain its selected sentence in any detail, made no reference to any of the factors enumerated in 18 U.S.C. § 3553(a) (2006), and failed to give Torres-Aguirre's "nonfrivolous reasons for imposing a different sentence" explicit consideration. Id. at 581 (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). We conclude that the district court erred in leaving the record effectively bereft of any reason for the sentence that it imposed. See Carter, 564 F.3d at 330.

Nor can we deem the district court's error harmless. Even though "the extent of harm caused by [the] procedural sentencing error [is] not immediately clear" in light of the fact that Torres-Aguirre received a sentence that was well below

4

the applicable Guidelines range, Lynn, 592 F.3d at 585, we cannot determine on the basis of the record "why the district court deemed the sentence it imposed appropriate." Id. at 582 (quoting Carter, 564 F.3d at 330). Torres-Aguirre argued for a sentence lower than the one that the district court ultimately imposed, and the district court's rejection of his nonfrivolous arguments was entirely without explanation. Because we are left only to speculate regarding the district court's reasons for choosing the sentence that it did, we vacate Torres-Aguirre's sentence and remand the case for resentencing. See id.; Carter, 564 F.3d at 330. Given this disposition of the appeal, we have no occasion to address the other sentencing errors asserted in counsel's Anders brief.

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. We therefore affirm Torres-Aguirre's conviction, vacate his sentence, and remand for resentencing. This court requires that counsel inform Torres-Aguirre, in writing, of the right to petition the Supreme Court of the United States for further review. If Torres-Aguirre requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torres-Aguirre.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
